# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO SALAZAR-SANTIAGO, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No. CV 17-02213-JEM <br><br> MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On March 21, 2017, Mario Salazar-Santiago ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on July 10, 2017. On October 27, 2017, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 58 year-old male who applied for Social Security Disability Insurance benefits on January 12, 2013, and Supplemental Security Income benefits on January 15, 2013, alleging disability beginning October 17, 2011. (AR 27.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 17, 2011, the alleged onset date. (AR 29.)

Plaintiff's claims were denied initially on October 31, 2013, and on reconsideration on January 30, 2014. (AR 27.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Joan Ho on June 9, 2015, in Orange, California. (AR 27.) Plaintiff appeared and testified at the hearing with the assistance of a Spanish interpreter and was represented by counsel. (AR 27.) Vocational expert ("VE") Joseph H. Torres also appeared and testified at the hearing. (AR 27.)

The ALJ issued an unfavorable decision on July 29, 2015. (AR 27-34.) The Appeals Council denied review on January 23, 2017. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ's assessed residual functional capacity has the support of substantial evidence.
2. Whether the ALJ properly considered the testimony of Plaintiff.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v.

Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the

3

claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 17, 2011, the alleged onset date. (AR 29.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: mild degenerative joint disease of the right shoulder; minimal osteoarthritis of the left shoulder; mild degenerative changes in the cervical spine; and history of ruptured

4

rotator cuff and subacromial impingment in the right shoulder, status-post rotator cuff repair. (AR 29-30.) The ALJ also found Plaintiff's hypertension to be nonsevere. (AR 30.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 30.)

The ALJ then found that Plaintiff had the RFC to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b), with the following limitations:

> Claimant is limited to frequent pushing and pulling with the right upper extremity; and frequent overhead reaching with the right upper extremity.

(AR 30-32.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely credible." (AR 31.)

At step four, the ALJ found that Plaintiff is able to perform his past relevant work as a sewing machine operator. (AR 32-33.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 33.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the medical evidence and properly discounted Plaintiff's subjective symptom allegations. The ALJ's RFC is supported by substantial evidence.

## I. THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial

evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     Analysis**

Plaintiff alleges he is disabled because of right shoulder surgery, arthritis in his left shoulder, and high blood pressure. (AR 267.) The ALJ found that Plaintiff had the severe impairments of mild degenerative joint disease of the right shoulder; minimal osteoarthritis of the left shoulder; mild degenerative changes in the cervical spine; and history of ruptured rotator cuff in the right shoulder. (AR 29.) The ALJ assessed Plaintiff with a RFC for light work but limited to "frequent pushing and pulling with the right upper extremity" and to "frequent overhead reaching with the right upper extremity." (AR 29.) Plaintiff contends that these limitations are not restrictive enough and not supported by substantial evidence. The Court disagrees.

On April 12, 2012, Claimant underwent acromioplasty rotator cuff repair and arthroplasty on the right shoulder. (AR 31.) By August 2012, Plaintiff had increased range of motion after four physical therapy sessions. (AR 31.) He last saw his orthopedic specialist in September 2012. (AR 32.) Treatment has been conservative, limited to exercise, physical therapy, and medication (ibuprofen). (AR 32.)

In November 2012, X-ray imaging showed degenerative joint changes in the left shoulder with no evidence of fracture or dislocation. (AR 31.) Plaintiff was recommended for a cortisone injection for his left shoulder, but he never received it. (AR 31, 475.) Nonetheless, his left shoulder pain improved. (AR 31, 475.) A November 4, 2014 treatment note indicated Plaintiff had pain in his right shoulder (not his left) but also had full range of motion. (AR 31, 607.)

In October 2013, consulting internist Dr. Azizollah Karamlou examined Plaintiff who had full range of motion in his cervical and lumbar spine and needed no assistive devices to ambulate. (AR 31, 484, 486.) Dr. Karamlou also found that Claimant was able to perform pushing and pulling, imposing no restrictions. (AR 486.) He further found that Plaintiff had pain in both shoulders and "difficulty to raise the shoulders above the head," but with full

muscle strength. (AR 31, 484-486.) Dr. Karamlou did not quantify Plaintiff's ability for overhead reaching. Also in October 2013, State reviewing physician Dr. Richard Surrusco assessed a light work RFC, finding that Plaintiff's ability to push and pull was limited in both upper extremities, but no specific limitations were assessed. (AR 81.) He did limit Plaintiff to only "occasional" overhead reaching with both arms. (AR 81.) In January 2014, another State reviewing physician Dr. S. Garcia agreed with Dr. Surrusco's RFC assessment. (AR 99-100.)

The ALJ's RFC limits Plaintiff to "frequent pushing and pulling with the right upper extremity." (AR 30.) This finding is a reasonable interpretation of the evidence. Dr. Karamlou who actually examined Plaintiff imposed no limitations on pushing and pulling. (AR 486.) Dr. Surrusco and Dr. Garcia, State agency reviewing physicians who did not examine Plaintiff, opined that Plaintiff's ability to push and pull was limited in both upper extremities but did not quantify the limitation. (AR 81, 99-100.) The ALJ reasonably gave Dr. Karamlou significant weight and the State Agency reviewers some but not full weight. (AR 32.) Plaintiff may disagree with the ALJ's interpretation of the evidence in regard to pushing and pulling, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001.)

The ALJ's RFC also limits Plaintiff to "frequent overhead reaching with the right upper extremity." (AR 30.) Dr. Karamlou found that Plaintiff had "difficulty to raise the shoulders above the head," but did not quantify Plaintiff's ability for overhead reaching. (AR 31, 486.) In contrast, Dr. Surrusco and Dr. Garcia opined that Plaintiff was limited to "occasional overhead reaching with both arms." (AR 81, 99-100.) The ALJ specifically rejected the State agency physician opinions limiting overhead reaching with the left upper extremity. (AR 32.) The ALJ cited a treatment note dated November 4, 2014, indicating a complaint of pain only in the right shoulder (for which he was prescribed only ibuprofen), but with full range of motion. (AR 31, 69, 607.) The ALJ also noted that her RFC was supported by Plaintiff's reported and demonstrated functional ability. (AR 32.) Plaintiff was treated conservatively with exercise,

physical therapy, and medication. (AR 32.) He also engaged in activities like housework, errands, walking, and driving. (AR 31.) An ALJ may reject a physician's opinion that is contradicted by a claimant's observed or admitted abilities or other evidence that indicates his or her symptoms are not as severe as alleged. Bayliss, 427 F.3d at 1216. The ALJ rejected the opinions of Dr. Surrusco and Dr. Garcia as to overhead reaching for specific, legitimate reasons supported by substantial evidence.

Any error in the ALJ's RFC as to overhead reaching, moreover, would be harmless. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008) (error is harmless when it is "inconsequential to the ultimate nondisability determination"), quoting Stout v. Comm'r, 454 F.3d 1050, 1055-56 (9th Cir. 2006). The sewing machine operator position (DOT 786.685-030) does not require any overhead reaching. Harper v. Colvin, 2015 WL 4042195, at *5 (W.D. Tex. June 30, 2015) ("overhead reaching limitation normally would not affect the ability to perform the job of sewing machine operator as generally performed"); Rodriguez v. Colvin, 2015 WL 778852, at *4 (W.D. Tex. Feb. 23, 2015) ("nothing in the DOT's job description indicates that overhead reaching or handling is required for the job of sewing machine operator"). Thus, whether the RFC included a limitation to occasional versus frequent overhead reaching, or applied to one or both arms, does not matter or affect the outcome. Plaintiff would be able to return to his past relevant work as a sewing machine operator as generally performed. (AR 32-33, 67.) Plaintiff offered no reply to this argument. (JS 17:23-24.)

## II. THE ALJ DID NOT ERR IN DISCOUNTING PLAINTIFF'S SUBJECTIVE SYMPTOMS

### A. Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence.

Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas, 278 F.3d at 958; see also Rollins, 261 F.3d at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's impairments reasonably could be expected to cause his alleged symptoms. (AR 31.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of his alleged symptoms were "not entirely credible." (AR 31.) Because the ALJ did not make any finding of malingering, she was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. Smolen, 80 F.3d at 1283-84; Tommasetti, 533 F.3d at 1039-40. The ALJ did so.

First, the ALJ found that Plaintiff's subjective symptoms were inconsistent with the objective medical evidence, including clinical observations and treatment history. (AR 33.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, no medical source opined that Plaintiff was disabled or had limitations that precluded all work. Plaintiff's right shoulder surgery required no follow-up after September 2012. (AR 32.) His right shoulder post-surgery was effectively mitigated with exercise and physical therapy. (AR 30-31.) X-ray imaging showed only mild degenerative joint changes with no evidence of fracture or dislocation in his left shoulder. (AR 31.) Although a later imaging study indicated possible

rotator cuff impingement, the ALJ explained that post-hearing treatment records reported only generalized pain treated with ibuprofen. (AR 31-32.) Plaintiff did not challenge the ALJ's determination that Plaintiff's high blood pressure was not severe. (AR 29-30.)

Second, Plaintiff received only conservative treatment in the form of exercise, physical therapy and medication (ibuprofen). The ALJ may consider conservative treatment in evaluating credibility. Tommasetti, 533 F.3d at 1039. Impairments that can be controlled effectively with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).

Third, Plaintiff failed to pursue recommended means to alleviate his pain. In January 2013, he was authorized to receive a cortisone injection for left shoulder pain but never followed up. Nonetheless, he reported his pain improved. (AR 30, 475, 575.) An ALJ may consider an unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment in evaluating credibility. Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

Fourth, the ALJ also noted daily activities inconsistent with disabling symptoms, which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d at 345-46.

The ALJ discounted Plaintiff's subjective symptom testimony for clear and convincing reasons supported by substantial evidence.

* * *

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: April 6, 2018  /s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE